IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE CARABAJAL JR.,

    Petitioner,

v.                                                                                   CIV 10-1071 MV/GBW

ERASMO BRAVO, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

    Respondents.

## ORDER

This matter is before the Court on Petitioner's Motion to Appoint Counsel filed December 14, 2010. *Doc. 5.* "[Petitioner] does not have a Sixth Amendment right to appointed counsel in a federal habeas proceeding." *Archuleta v. LeMaster*, 37 F. App'x 391, 393 (10th Cir. 2002) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Parkhurst v. Shillinger*, 128 F.3d 1366, 1371 (10th Cir. 1997). Factors considered by the Court when weighing a motion for appointment of counsel include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Upon an initial review of the state court decisions rejecting the same claims

Petitioner makes in this Court, the merits of Petitioner's claim do not weigh in favor of appointment of counsel. Regarding the factual and legal issues raised, none appear too complicated or difficult for a layperson to present. In fact, with respect to the majority of his claims, he can look to his direct appeal, for which he had counsel, for guidance. Moreover, Petitioner has shown the ability to present these claims, even without an attorney, in his state habeas petition.

As none of the factors weigh in favor of appointment of counsel, the motion will be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion For The Appointment Of Counsel (*Doc. 5*) is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE