IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE CARABAJAL JR.,

       Petitioner,

v.                                      CIV 10-1071 MV/GBW

ERASMO BRAVO, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

       Respondents.

## PROPOSED FINDINGS & RECOMMENDATION

       This matter is before the Court on Joe Carabajal Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008). All of the issues can be resolved on the record before me, and, therefore, an evidentiary hearing is unnecessary. *E.g., Schriro v. Landrigan,* 550 U.S. 465, 475 (2007); *Sandoval v. Ulibarri,* 548 F.3d 902, 915-16 (10th Cir. 2008). For the reasons discussed below, I recommend that Mr. Carabajal's three claims for ineffective assistance of counsel be denied and his petition be dismissed as without merit.

**STANDARD OF REVIEW**

Under AEDPA standards, if a state court addresses a claim on the merits, a federal court cannot grant an "application for a writ of habeas corpus" unless the state decision was (1) "contrary to" or an "unreasonable application" of "clearly established" Supreme Court precedent or (2) an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Supreme Court and Tenth Circuit have discussed these deferential AEDPA standards in detail in many opinions, and I will not reiterate them here.[1] These standards apply to decisions on the merits regardless of whether the state opinion is conclusory. *See Harrington v. Richter*, 131 S.Ct. 770 (2011); *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir. 1999). When giving deference to a state court habeas decision that is lean on reasoning, federal courts are to consider any arguments or theories that may have supported the state court's decision. *Harrington*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision.").

Furthermore, even if a federal habeas court finds that the state court decision was

---

[1] *E.g., Panetti v. Quarterman*, 551 U.S. 930, 953-54 (2007) (and cases cited therein); *Fry v. Pliler*, 551 U.S. 112, 119-120 (2007) (same); *Wilson v. Sirmons*, 536 F.3d 1064, 1073-74 (10th Cir. 2008), *rehearing en banc granted on separate issue*, 549 F.3d 1267 (10th Cir. 2008); *House v. Hatch*, 527 F.3d 1010, 1018-20 (10th Cir. 2008); *DeLozier*, 531 F.3d at 1319; *Johnson v. Mullin*, 505 F.3d 1128, 1133-34 (10th Cir. 2007).

"contrary to" or "unreasonable" and a violation of constitutional dimension, habeas relief may not issue unless the violation is of a sort that warrants such relief.  *E.g., Terry Williams v. Taylor,* 529 U.S. 362, 375 (2000) ("It is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."); *Wilson v. Sirmons,* 536 F.3d 1064, 1073 (10th Cir. 2008) ("If we find that the state court erred, we still must determine whether the error is a structural defect 'in the constitution of the trial mechanism, which def[ies] analysis by "harmless-error" standards.'")(quoting *Arizona v. Fulminante,* 449 U.S. 279, 309 (1991)), *rehearing en banc granted on separate issue,* 549 F.3d 1267 (10th Cir. 2008).  Because I find the state court applied the correct precedent and its determination was reasonable, I recommend the petition be dismissed.

## BACKGROUND

On August 2, 2006, a jury in the District Court for Chaves County in the State of New Mexico found Mr. Carabajal guilty of two counts of sexual penetration of minor under the age of 13 and one count of sexual contact of a child under the age of 13.  *Doc. 7,* Exh. A.  The victim, C.C., was his 8-year-old daughter.  *Id.,* Exh. C at 2; *Id.,* Exh. E at 1.  At the same trial, Mr. Carabajal also successfully defended himself[2] against another

---

[2]  Mr. Carabajal was awarded a directed verdict on the charges against M.D.  *See Doc. 7,* Exh. A; *Id.,* Exh. E at 1.

charge of sexual contact of a child under the age of 13 against his 10-year-old step-daughter, M.D.[3]  *See Id.*, Exh. E at 1; *Id.*, Exh. C at 2.  On November 20, 2006, Petitioner was sentenced to 18 years incarceration for both sexual penetration convictions and 15 years incarceration for the sexual contact conviction.  *Id.*, Exh. A.  Each sentence was to run consecutively for a total of 51 years of incarceration plus 5 to 20 years of parole.  *Id.*

Mr. Carabajal appealed his sentence on December 13, 2006.  *Id.*, Exh. B.  In that appeal, Mr. Carabajal argued two of the three grounds for ineffective assistance of counsel that are presented in his federal petition: (1) that failure to move to sever the charges against the two alleged victims constituted ineffective assistance of counsel, and (2) that counsel's failure to retain an expert witness constituted ineffective assistance of counsel.  *See id.*, Exh. E at 16-30.  The state court denied his appeal on February 23, 2009, addressing and rejecting his asserted grounds for ineffective assistance of counsel.  *Id.*, Exh. H at 4-8. On March 16, 2009, Mr. Carabajal sought a writ of certiorari to the New Mexico Supreme Court which presented, among others, the same two ineffective

---

[3] Mr. Carabajal asserted that the girls were 8 and 10 years of age as of the date of his appellate docketing statement, filed January 11, 2007.  *Doc. 7*, Exh. C at 2.  The crimes and alleged crimes, however, took place between November 8, 2004 and October 9, 2005, so the girls were likely a year or two younger during that period.  *See id.*, Exh. A.

Also, the record is inconsistent as to whether M.D. was Petitioner's step-daughter or the daughter of his live-in girlfriend.  *See id.*, Exh. C at 2; *but see id.*, Exh. E at 1, Exh. H at 6.  As the record more often than not refers to her as his step-daughter, I have referred to her as such here.

assistance of counsel arguments.  *Id.*, Exh. I at 6-11.  Certiorari was denied by the New

Mexico Supreme Court on April 20, 2009.  *Id.*, Exh. J.

On August 3, 2009, Petitioner filed a petition for habeas corpus in state court.

*Id.*, Exh. N.[4]  In that petition, Mr. Carabajal again asserted the two grounds for

ineffective assistance of counsel discussed above and he asserted the third ground for

ineffective assistance of counsel presented in his federal habeas petition: failure to

adequately investigate the case leading to counsel's failure to develop a defense

strategy.  *Id.*, Exh. N at 13-27.  On February 25, 2010, his petition was summarily denied

by the same judge who presided over his trial and sentenced him.  *Id.*, Exh. O.  The next

month, Mr. Carabajal sought a writ of certiorari from the New Mexico Supreme Court.

*Id.*, Exh. P.  Certiorari was denied on May 25, 2010.  *Id.*, Exh. R.

## DISCUSSION

Mr. Carabajal seeks habeas relief on several grounds.  I have construed his claims

liberally, arranged them topically, and categorized and analyzed them under the proper

legal theories based on the facts he asserts.  *See, e.g., Roman-Nose v. New Mexico Dept. of*

*Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and

the claim for relief by a *pro se* litigant is not dispositive on the availability of relief in

---

[4]  The petition was filed subsequent to the denial of Mr. Carabajal's motion for modification of sentence, but was otherwise unrelated to that motion.  *See id.,* Exh. L, Exh. M.

federal court."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  Because none of Petitioner's arguments entitle him to habeas relief, I recommend that Mr. Carabajal's petition be denied.

#### **Standard for Habeas Claims of Ineffective Assistance of Counsel**

Petitioner grounds his claim of ineffective assistance of counsel on his counsel's failure to (1) consult with an expert witness or present expert witness testimony, (2) move to sever the charges against the two minor victims, and (3) interview Petitioner and adequately investigate the case to develop a defense strategy.[5]  *Doc. 1* at 6. Petitioner presented all of these grounds in either his direct appeal or his state habeas petition.  *See doc. 7*, Exhs. E, N.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008).  A petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a

---

[5]  The State interpreted Mr. Carabajal's petition as including four claims: (a) failure to conduct an adequate investigation, (b) failure to consult with or present the testimony of an expert witness, (c) failure to file a motion to sever, and (d) failure to properly investigate the case prior to trial by interviewing the petitioner regarding the allegations to develop a defense strategy.  *Doc. 7* at 3-4.  In this report I discuss the state's "(a)" and "(d)" grounds together.

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 694.  This two-part

standard requires that counsel's performance be evaluated from the attorney's

perspective at the time of the assistance, considered in light of all the circumstances

prevailing at that time, and the court must indulge a strong presumption that counsel's

conduct fell within the "wide range of reasonable professional assistance."  *Id.* at 689; *see*

*also Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) ("To prove deficient performance,

[the petitioner] must overcome the presumption that counsel's conduct was

constitutionally effective . . . .  For counsel's performance to be constitutionally

ineffective, it must have been completely unreasonable, not merely wrong.").

     A court may, and in some instances should, address the prejudice prong first and

proceed to the competence prong only if prejudice is shown:

> [A] court need not determine whether counsel's performance was
> deficient before examining the prejudice suffered by the defendant as a
> result of the alleged deficiencies. The object of an ineffectiveness claim is
> not to grade counsel's performance. If it is easier to dispose of an
> ineffectiveness claim on the ground of lack of sufficient prejudice, which
> we expect will often be so, that course should be followed.

*Strickland,* 466 U.S. at 697.  It is the petitioner's burden to present the facts that

demonstrate prejudice.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)

(rejecting *pro se* petitioner's allegations of ineffective assistance because they were

conclusory and lacked supporting factual averments).  If a petitioner fails to present

such facts, his claim fails.  *See Cummings v. Sirmons*, 506 F.3d 1211, 1227-35 (10th Cir.

2007).

Finally, because the state court has already decided these issues against the

petitioner, the federal court "cannot grant relief unless the state court's result is legally

or factually unreasonable."  *Aycox v. Lytle,* 196 F.3d 1174, 1178 (10th Cir. 1999).

> Establishing that a state court's application of *Strickland* was unreasonable
> under §2254(d) is all the more difficult.  The standards created by
> *Strickland* and §2254(d) are both "highly deferential," and when the two
> apply in tandem, review is "doubly" so.  The *Strickland* standard is a
> general one, so the range of reasonable applications is substantial.  Federal
> habeas courts must guard against the danger of equating
> unreasonableness under *Strickland* with unreasonableness under §2254(d).
> When §2254(d) applies, the question is not whether counsel's actions were
> reasonable.  The question is whether there is any reasonable argument
> that counsel satisfied *Strickland*'s deferential standard.

*Harrington,* 131 S.Ct. at 788 (internal citations omitted).  Moreover, where a state habeas

petition is denied by the same judge who presided over the trial, special deference is

given to the state court's habeas decision.  *Schriro v. Landrigan*, 550 U.S. 465, 476

(2007)("And it is worth noting, again, that the judge presiding on postconviction review

was ideally situated to make this assessment because she is the same judge that

sentenced Landrigan and discussed these issues with him").

## Petitioner's Claims

Mr. Carabajal's federal petition is very brief.  He used the standard application

form for habeas relief, and that form instructed him to "[s]tate concisely every claim

that you are being held unlawfully.  Summarize briefly the facts supporting each claim.

If necessary, you may attach extra pages stating additional claims and supporting facts.

. . .”  *Doc. 1* at 5.  Under that heading, he was prompted to state his “Claim One,” to

which he responded “See copy of petition for writ of certiorari that I enclosed below.”

*Id*. at 6.  Petitioner, however, did not attach his petition for certiorari.  Instead, he

attached the order from the New Mexico Supreme Court denying his motion for

certiorari.  *Id*. at 14.  Nevertheless, it is clear from the state’s exhibits that the underlying

request for certiorari included Petitioner’s claims of ineffective assistance of counsel.

*See doc. 7*, Exhs. N-R.  In the next subsection, Petitioner was prompted to provide

“Supporting Facts: (Without citing legal authorities or argument state briefly the facts in

this claim).”  *Doc. 1* at 6.  To this, Petitioner provided two sentences in which he asserted

his three grounds for ineffective assistance of counsel but offered no factual context for

his claims.  He wrote simply:

> Petitioner’s ineffective assistance of counsel claims include: that his trial
> counsel failed to conduct an adequate investigation, did not consult with,
> or present the testimony of an expert witness in a child sexual abuse cases,
> & failed to file a motion to sever the charges.  Trial counsel didn’t properly
> investigate the case prior to trial, interviewing petitioner about allegations
> to develop a defense strategy.

*Doc. 1* at 6 (*sic* throughout).

Given the brevity of the Carabajal’s Petition and his reference to his state

petition, I have looked to his state pleadings to augment his federal petition.  *See U.S. v.*

*Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994)("[a]lthough we must liberally construe

Defendant's pro se [§2255] petition, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991), we are not required to fashion Defendant's arguments for him where his

allegations are merely conclusory in nature and without supporting factual

averments"); *but see Cummings v. Sirmons*, 506 F.3d 1211, 1228-35 (10th Cir.

2007)(looking to both federal and state filings to determine whether the petitioner had

"sufficiently fleshed out" his [§2254] claims where Petitioner apparently incorporated

the arguments in his state petition by reference).

*Failure to Consult or Call an Expert Witness:*

First I will address Petitioner's claim that his counsel was ineffective because he

did not consult with or call an expert witness to testify.  *Doc. 1.*   At trial, the state called

an expert witness to discuss how the notching of the victims' hymens was indicative of

penetration.  *Doc. 7*, Exh. E at 11-16.  Counsel for Petitioner cross-examined the state's

witness, which included questioning her about studies that conflicted with her

opinions, but he did not put forward his own witness.  *Id*.

Petitioner presented this ground for ineffective assistance of counsel in his direct

appeal.  *Doc. 7*, Exh. E at 24-30.  There he argued that an expert was necessary because

the defense hinged on discrediting the victims to allow the jury to find that the sexual

abuse never happened.  *Id*., Exh. E at 24-25.  Specifically, Petitioner claimed counsel

should have put forward an expert to testify as to alternative causes of the girls' hymeneal notching.  *Id.*, Exh. E at 26.   The state responded that the facts only demonstrated counsel had not called an expert to testify, not necessarily that he had failed to consult with one.  *Id.*, Exh. F at 13-14.  The state further responded that Petitioner failed to explain what an expert would have said, much less that any such expert was ready and available to so testify.  *Id.*, Exh. F at 14-15.  The state also argued that it was legally sufficient for counsel to cross examine the state's witness instead of presenting his own witness, and that Petitioner failed to plead enough to show that counsel's failure to call an expert likely changed the outcome of the trial.  *Id.* Exh. F at 15-20.  Petitioner did not respond to these arguments or otherwise readdress his failure to present an expert witness claim in his Reply Brief.  *Id.*, Exh. G.

The New Mexico Court of Appeals rejected Petitioner's position that the failure to hire an expert witness constituted ineffective assistance of counsel, stating: "It is for defense counsel to assess whether a particular expert's testimony will be helpful, and without a record of the substance of any expert testimony, or whether an expert would have assisted in the defense's ability to cross-examine Dr. Carson, we will not second guess counsel's decision."  *Id.*, Exh. H at 8.

Petitioner's first state habeas petition presented this argument in virtually the same fashion as it had been presented in his direct appeal.  *Id.*, Exh. N at 15-22.  The

state court judge who presided over Petitioner's trial denied the petition.  *Id.*, Exh. O.

His order, *in toto*, reads as follows:

> With the exception of a few redefined arguments which generally involve
> no more than hindsight doubts about what were reasonable trial
> strategies, Petitioner is raising matters which were previously addressed
> and rejected by this Court or upon review by the Court of Appeals.
> Furthermore, this Court was careful to assess the competency of counsel
> as this case progressed through pre-trial and trial proceedings and there
> was no doubt but that Petitioner was ably represented by his counsel.  In
> summary, Petitioner's quarrel now with the adequacy of his counsel is
> truly unpersuasive in the light of all that has transpired in this case.

*Id.,* Exh. O.

I do not find it necessary to address the first prong of *Strickland* because

Petitioner has not met his burden of demonstrating prejudice.  To establish such

prejudice in this context, Petitioner must explain how the consultation with or the

testimony of an expert would have led to a reasonable probability that the result of the

proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  In his Petition,

Mr. Carabajal states only that "his trial counsel . . . did not consult with, or present the

testimony of an expert witness . . .."  *Doc. 1* at 6.  Even looking to his direct appeal brief,

Petitioner never identifies any expert whose consultation or testimony would have led

to a different result.  Petitioner could only prevail if *Strickland* created a *per se* rule that,

in sex abuse cases, defense counsel must consult with and/or call an expert.  Obviously,

*Strickland* does not create such a requirement.  *See e.g. Harrington*, 131 S.Ct. at 778-90

(counsel not constitutionally ineffective for failing to consult with or introduce testimony of forensic blood experts despite prosecution blood expert testimony).

Moreover, the record reveals that defense counsel was capable of cross-examining the state's expert without consulting with his own expert.  In fact, during cross-examination, defense counsel questioned the state's expert about studies that conflicted with her opinion.  *Doc. 7*, Exh. E at 13-14.  Moreover, nothing in the arguments Petitioner put forward in his federal or state filings "demonstrate[s] 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Harrington*, 131 S. Ct. at 788 (internal citation omitted).

Without any evidence of prejudice, Petitioner fails to make a sufficient claim for ineffective assistance of counsel.  Therefore, I have no difficulty concluding that he has failed to establish that the state court's denial of his ineffective assistance claim on this basis was unreasonable.  Thus, I recommend dismissing Petitioner's claim of ineffective assistance stemming from counsel's failure to hire an expert witness.

*Failure to Sever the Charges:*

Petitioner also claims that counsel's failure to move to sever the charges against the two minor victims constituted ineffective assistance.  *Doc. 1*.  In his direct appeal, Petitioner argued that "there [was] no conceivable trial strategy for not moving to

13

sever" the charges against the two victims. *Doc. 7*, Exh. E at 18-19. Specifically, Petitioner argued that because the charges were not severed, the jury heard evidence pertaining to the alleged sexual assaults of both girls, and that the evidence pertinent to the charges against the second victim likely prejudiced the jury verdict for the first victim and *vice versa* because it is easier to believe that a Defendant is a sexual predator if there are multiple victims claiming he assaulted them. *Id.*, Exh. E at 18-24. Similarly, it is easier to discredit a single victim standing alone than it is to discredit multiple victims claiming the Defendant perpetrated identical or similar acts against them. *Id.* Had the charges been severed, he argued, each jury would have heard only the evidence relevant to the charges pertaining to the victim relevant to that trial. *Id.*

In its Response Brief, the state countered by noting (1) that the jury was instructed to consider the charges separately and the presumption is that juries follow instructions, and (2) even accepting Petitioner's premise that juries will ignore their instructions and consider all evidence, Petitioner was awarded a directed verdict as to the second victim, and "[a] reasonable attorney could believe that the weakness of the evidence regarding M.D. would rub off, so to speak, on the charges concerning C.C." *Id.*, Exh. F at 4-12. To support its second assertion, the state further explained that the defense strategy was to show that C.C.'s mother, in a ploy to gain custody of the children to move out of state, fabricated the abuse and coached both girls and another

child witness on what to say in court.  Defense counsel was successful at exposing the

many inconsistencies in the children's stories and, significantly, coaxing C.C. into

admitting that her mother told her what to say.  *Id*.  In light of this defense strategy, the

state argued, choosing not to sever the charges made a great deal of sense.  *Id*.

 In his Reply Brief, Petitioner contended that the charges against M.D. were only

thrown out because she failed to recall the date of the abuse.  *Id*., Exh. G at 1-3.

Otherwise, the weight of the evidence that Petitioner abused her was significant: an

eleven-year-old girl told the jury her step-father touched her between the legs with his

private part and then the doctor who examined her told the jury she had been sexually

penetrated.  *Id*.  Thus, Petitioner disputed the claim that "the weakness of the evidence

regarding M.D. would rub off" on the charges against C.C.  *Id*.

 The New Mexico Court of Appeals agreed that reasonable defense counsel could

have concluded that trying the counts together was the better approach.  As the court

explained, "[w]e cannot conclude that it was irrational to attempt to undermine the

more numerous and serious counts involving C.C. by including the allegations

involving M.D. and her involvement in the alleged conspiracy."  *See id.,* Exh. H at 4-7.

 Petitioner reasserted his arguments for this claim of ineffective assistance of

counsel in his petition for certiorari for his direct appeal.  *Id*., Exh. I at 7-10.  Certiorari

was denied summarily on April 20, 2009.  *Id*., Exh. J.  He reasserted his arguments again

in his state habeas petition.  *Id*., Exh. N at 22-27.  As mentioned above, the same state court judge who presided over Petitioner's trial denied the petition, noting "Petitioner is raising matters which were previously addressed and rejected . . . .  Furthermore, this Court was careful to assess the competency of counsel as this case progressed through pre-trial and trial proceedings and there was no doubt but that Petitioner was ably represented by his counsel." *Id*., Exh. O; *see Schriro*, 550 U.S. at 476.

The state court, on two occasions, found that counsel's representation did not fall below an objective standard of reasonableness.  *See doc. 7*, Exh. H & O; *See Strickland*, 466 U.S. at 688; *Sandoval*, 548 F.3d at 909.  Nothing in Mr. Carabajal's federal petition or state filings addresses why the denials of his ineffective assistance of counsel claims were factually or legally unreasonable.  *See Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999). Given that the court must indulge a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689; *see also Boyd*, 179 F.3d at 914, and the Court of Appeals detailed explanation of how keeping the charges joined fit well within a reasonable defense strategy, I do not find that the state court's decisions were legally or factually unreasonable.  To conclude otherwise would be to risk falling into the temptation of "second-guess[ing] counsel's assistance after conviction or adverse sentence."  *Harrington*, 131 S. Ct. at 788 (*citing Strickland*, 466 U.S. at 689).

16

Thus, I recommend denying Mr. Carabajal's claim for ineffective assistance of counsel based on his attorney's failure to move to sever the charges.

*Failure to Properly Investigate the Case:*

Petitioner also claims that his counsel was ineffective due to his failure to "properly investigate the case prior to trial, interviewing petitioner about allegations to develop a defense strategy." *Doc. 1* at 6. His direct appeal does not include this particular ineffective assistance of counsel claim.[6] *See doc. 7*, Exh. E. Mr. Carabajal did present this claim in his state habeas petition, though it appears to be meshed with claims he has since abandoned. It reads as follows:

> In this case, Petitioner asserts that trial counsel did not properly investigate the case prior to trial, which would include: interviewing family members responsible for caring for the children who made the allegations; or interviewing the State's witnesses, including the emergency room doctor who reported that he did not observe any trauma to [C.C's] vagina that would indicate sexual abuse. Trial counsel's lack of pre-trial preparation and investigation is evidenced by his failure to call any defense witnesses during the trial.

*Doc. 7*, Exh. N at 15.

As noted above, the judge who presided over Petitioner's trial denied his state

---

[6] In section "D" of Petitioner's Brief in Chief for his direct appeal, counsel for Petitioner did include two sentences that generally discuss the legal standard in New Mexico for counsel's duty to make reasonable investigations. *Doc. 7*, Exh. E at 31. That legal standard, however, was presented in the context of a ground for ineffective assistance of counsel that was not presented in Petitioner's federal habeas petition, and it does nothing to flesh out the bare-bones allegation of failure to investigate presented in his federal petition.

habeas petition.  *Id.*, Exh. O.  The judge characterized any claims presented in the

petition but not in the direct appeal as "no more than hindsight doubts about what were

reasonable trial strategies."  *Id.*  The judge then noted that he "was careful to assess the

competency of counsel as this case progressed through pre-trial and trial proceedings

and there was no doubt but that Petitioner was ably represented by his counsel."  *Id.*

Mr. Carabajal's one-sentence allegation in his federal Petition is obviously

insufficient to make an ineffective assistance claim.  Even incorporating the language

from the state habeas petition, Petitioner has failed to sufficiently allege an ineffective

assistance of counsel claim under *Strickland*.  With respect to the claims of failure to

interview and failure to develop a defense strategy,[7] Petitioner has failed to allege, let

alone "show" how "but for counsel's errors, there is a reasonable probability the result

of the proceeding would have been different."[8]  *Sallahdin,*  275 F.3d at 1235 (internal

---

[7]  In fact, it appears from the record that defense counsel indeed had a strategy he pursued.  Petitioner himself discussed counsel's strategy at length in his state filings, *see e.g. doc. 7*, Exh. E at 17 & Exh. I at 6., and the state court not only discussed counsel's strategy but, at least as it informed counsel's decision not to move to sever the charges, found it to be rational.  *Id.*, Exh. H at 6-7.  So, with respect to the lack of strategy claim, it appears that Petitioner cannot even meet the first *Strickland* prong.

[8]  To the extent that the Court would import the claim from his state petition that his counsel failed to interview "Petitioner about the allegations to develop a defense strategy or alibi for the dates in question and to determine whether Petitioner should testify for his own defense," this claim would also require a demonstration of prejudice. *See Cummings v. Sirmons*, 506 F.3d 1211, 1227 & 1234-35 (10th Cir. 2007).  Petitioner has alleged no prejudice on such a claim in this or earlier petitions.  For example, Petitioner never even alleges that he would have had an alibi if his attorney had asked.

citations omitted); *see also U.S. v. Dowell*, 388 F. App'x  781, 784 (10th Cir. 2010)("Mr.

Dowell contends that Mr. Reuler provided ineffective assistance because he 'failed to

call certain witnesses [o]n his behalf, and failed to interview them . . . .But he does not

say who these witnesses are; indeed, Mr. Dowell offers no facts to show why Mr.

Reuler's performance was deficient or how Mr. Dowell was prejudiced by any such

deficiency").

      With but one exception, Petitioner does not identify: (1) who should have been

interviewed; (2) what they would have said; (3) what defense strategy would have

arisen from the interviews or (4) what difference any of it would have made in the

outcome of his trial.  The only exception is when, in his state petition, he points to the

"doctor who reported that he did not observe any trauma to [C.C's] vagina that would

indicate sexual abuse."  *Doc. 7*, Exh. N at 15.  However, the Court of Appeals decision in

his direct appeal reveals why this example, standing alone, cannot show prejudice:

> Defendant next claims that defense counsel should have called Dr.
> Marble, or should have introduced evidence through the testimony of
> Detective Yepis, concerning Dr. Marble's physical examination of C.C.
> Defense counsel, in his opening statement, told the jury that Detective
> Yepis would refer to the fact that Dr. Marble did not find anything
> indicative of injuries to C.C.'s vaginal area.  Dr. Marble was not called as a
> witness, and defense counsel did not elicit this information from Detective
> Yepis at trial.  Defendant maintains that this was inconsistent with defense
> counsel's fabrication strategy.  As observed in the State's answer brief,
> defense counsel did not abandon the issue, but instead of eliciting the
> information in the same manner referred to in the opening statement,
> defense counsel read the following from Detective Yepis' report while

cross-examining C.C.'s mother: "I heard from Dr. Marble that it did not appear like there was any trauma in [C.C.'s] vagina."  We will not revisit counsel's decision to present the information to the jury in this manner.

*Id.*, Exh. H at 8-9.  Given that this doctor's conclusion that he "did not find anything indicative of injuries to C.C.'s vaginal area" was presented to the jury, one cannot conclude, without more, that interviewing that doctor would have created a  reasonable probability the result of the proceeding would have been different.

As such, Petitioner has failed to sufficiently allege an ineffective assistance of counsel claim on the ground of failure to investigate and develop a defense strategy. And he has doubly failed to establish that the state court decision rejecting his ineffectiveness claim on these grounds was unreasonable.  *See Harrington*, 131 S. Ct. at 788 ("When §2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.")  Therefore, with respect to its rejection of this claim of failure to sufficiently investigate and develop a defense strategy, I do not find that "the state court's result is legally or factually unreasonable."  *Aycox,* 196 F.3d at 1178.

## CONCLUSION

Petitioner presents three separate claims of ineffective assistance of counsel. However, he does not present evidence, or even allege that, but for counsel's

unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different.  As such, he has failed to satisfy the requirements of an ineffective assistance claim under *Strickland*.  Moreover, because the state court has reviewed and rejected these very arguments, Petitioner must not only convince this Court that he received ineffective assistance of counsel.  He must show that the state court's rejection of his claims were legally or factually unreasonable.  Petitioner has completely failed to make such a showing.

Wherefore, **IT IS HEREBY RECOMMENDED THAT** Mr. Carabajal's Petition be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE